IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2011-BO

| | |
|---|---|
| ADRIAN GRIFFIN, ) | |
| petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| respondent.. ) | |

Adrian Griffin, a federal inmate, filed this habeas petition pursuant to 28 U.S.C. § 2241. Presently, the matter is before the court on initial review. See 28 U.S.C. § 2243. Section 2243 provides that the court need not seek a response from the respondent when on the face of the petition it is clear petitioner is not entitled to relief.

On August 26, 2002, Griffin pled guilty to Count One, Possession with the Intent to Distribute More Than 50 Grams of Cocaine Base and Count 2, Possession of a Firearm in Furtherance of a Drug Trafficking Offense in this court and before the undersigned. United States of America v. Griffin, No. 5:02-CR-167-1-BO, [D.E. 10](docket entry indicating plea agreement). On December 4, 2002, at Griffin's sentencing hearing, this court sentenced him to 180 months' imprisonment (concurrent on each count). Id. [D.E. 12 and 13]

Although Griffin filed the current action under 28 U.S.C. § 2241, he is attacking the legality, rather than the execution, of his sentence. Specifically, Griffin challenges his sentence by relying on Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), Johnson v. United States, 130 S. Ct. 1265 (2010), and United States v. Rodriguez, 553 U.S. 377 (2008). Mem. Supp. Pet [D.E. 1, attach. 2]. Griffin also argues that he should receive the benefit of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). In Simmons, the Fourth Circuit held that a

North Carolina conviction under North Carolina's Structured Sentencing Act cannot be classified as a felony unless the specific defendant was eligible for a sentence that exceeded one year. See Simmons, 649 F.3d at 249–50. Thus, while the petition has been improperly brought as a § 2241, the court looks at the posture of cases within this district and the district's handling of post-conviction relief pursuant to Simmons.

Pursuant to standing order 11-SO-3, this court has in place a procedure for determining whether one may qualify for post-conviction relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The standing order 11-SO-3 governs sentences imposed in the United States District Court for the Eastern District of North Carolina. Thus, the standing order is applicable to Griffin. In fact, the undersigned presided over Griffin's criminal proceeding as set out above. Therefore, the court directs this filing to be docketed within this criminal case as motion filed pursuant to the standing order. Furthermore, pursuant to the directive of the standing order, counsel is appointed. Standing Order 11-SO-3.

For the reasons stated, the court DISMISSES petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1] without prejudice. The Clerk is DIRECTED to file the motion as one under standing order 11-SO-3 in his criminal case United States of America v. Griffin, No. 5:02-CR-167-1-BO. At this juncture, the court shall not construe the motion as one under 28 U.S.C. § 2255; and thus the court need not give petitioner notice of such a conversion. However, the court holds open the possibility of converting the motion if appointed counsel determines that to be the proper route. The Clerk is to docket this filing in his criminal case on the date it was originally filed in this case (Jan. 11, 2012). The motion for appointment of

counsel is ALLOWED pursuant to the standing order [D.E. 3]. The Clerk is DIRECTED to appoint counsel within the criminal docket, not the § 2241 docket, which is CLOSED.

SO ORDERED, this 18 day of April 2012.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE